IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00254-RN

**Lucia Nuzzo,**

           Plaintiff,

v.

**State Farm Fire & Casualty Co.,**

           Defendant.

**Memorandum & Order**

Defendant State Farm Fire & Casualty Company seeks a judgment on the pleadings in its favor on three of the Complaint's four claims. Mot., D.E. 10. Plaintiff Lucia Nuzzo has not opposed the motion. For the reasons that follow, the court grants the motion and dismisses the claims at issue.

**I.    Background**

State Farm issued a homeowner's insurance policy to Nuzzo for her residence in Fayetteville, North Carolina. Compl. ¶¶ 6, 7, D.E. 1–1. Among other things, the policy covered losses for "wet rot . . . within the walls . . . result[ing] from the accidental discharge or overflow of water" in a plumbing system. *Id.* ¶ 8.

In March 2024, Nuzzo discovered wet rot damage in the walls and floors of her residence, which she maintains most likely stemmed from the inadvertent discharge of water in the home's plumbing system. *Id.* ¶¶ 10, 11. After she reported the claim, State Farm inspected the damage. *Id.* ¶¶ 12, 13. It provided Nuzzo about $3,600 for damages related to the bathroom floor, but denied coverage for other damage throughout the home. *Id.* ¶ 14.

Nuzzo filed a Complaint in North Carolina Superior Court in April 2025. D.E. 1–1. It brought claims for breach of contract, for a violation of North Carolina law on fair settlement insurance practices, unfair and deceptive trade practices, and breach of the implied covenant of good faith and fair dealing.

State Farm removed the case to this court in May 2025. Notice, D.E. 1. State Farm attached a June 2024 letter to Nuzzo to its Answer that explained its view on why the policy excluded some of the loss she claimed. *See* D.E. 6–1. State Farm has moved for judgment on the pleadings on all Nuzzo's claims except the breach of contract claim. Mot., D.E. 10.

**II.     Discussion**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering a motion for judgment on the pleadings, a court must apply "the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia* v. *Haley*, 738 F.3d 107, 115 (4th Cir. 2013).[1]

The Supreme Court has explained that to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, while a court must

---

[1] "Unlike on a Rule 12(b)(6) motion, . . . on a Rule 12(c) motion the court may consider the Answer as well." *Alexander* v. *City of Greensboro*, No. 1:09-CV-293, 2011 WL 3360644, at *2 (M.D.N.C. Aug. 3, 2011).

accept all the factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory or mere formulaic recitations of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly give[s] rise to an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (internal citation and quotations omitted). If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### A. Unfair Claim Settlement Practices

State Farm first seeks dismissal of Count Two of Nuzzo's Complaint, which requests relief under North Carolina's statute on unfair claims settlement practices. N.C. Gen. Stat. § 58–63–15(11). It enumerates unfair settlement practices in the settlement of insurance claims. *Id.*[2]

---

[2] The statutes defines unfair methods of competition and unfair or deceptive acts or practices to include "[c]ommitting or performing with such frequency as to indicate a general business practice" the following:
  a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
  b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
  c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
  d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
  e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;
  f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
  g. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;
  h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;
  i. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

State Farm contends that the law does not create an independent cause of action. Instead, it argues that a violation of that statute can establish the first element of an unfair and deceptive trade practices claim under North Carolina law. *See* N.C. Gen. Stat. § 75–1.1.

North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA) generally prohibits just that: unfair and deceptive acts. *Id.* North Carolina General Statutes § 58–63–15(11) "defines unfair practices in the settlement of insurance claims." *Elliott* v. *Am. States Ins. Co.*, 883 F.3d 384, 396 (4th Cir. 2018). While the former statute provides a private cause of action, the latter does not. *Id.* Instead, a party seeking relief under § 58–63–15 should file a separate UDTPA claim. *Id*; *see also Universal Underwriters Ins. Co.* v. *Lallier*, 334 F. Supp. 3d 723, 737 (E.D.N.C. 2018) ("Although N.C. Gen. Stat. § 58–63–15(11) does not include a private cause of action, a plaintiff may obtain relief for violations of N.C. Gen. Stat. § 58–63–15(11) under N.C. Gen. Stat. § 75–1.1.").

Because the statute does not create an independent cause of action, the court dismisses Count Two of the Complaint.

---

| | | |
|---|---|---|
| | j. | Making claims payments to insureds or beneficiaries not accompanied by [a] statement setting forth the coverage under which the payments are being made; |
| | k. | Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration; |
| | l. | Delaying the investigation or payment of claims by requiring an insured claimant, or the physician, of [or] either, to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information; |
| | m. | Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and |
| | n. | Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. |

N.C. Gen. Stat. § 58-63-15(11)

## B. Unfair and Deceptive Trade Practices

The Complaint also contends that State Farm violated North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA). N.C. Gen. Stat. § § 75–1.1. The North Carolina Supreme Court has explained that an unfair practice "offends established public policy" or "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Walker* v. *Fleetwood Homes of N.C., Inc.*, 362 N.C. 63, 71–72, 653 S.E.2d 393, 399 (2007) (quotation omitted). And a deceptive practice is one that "has the capacity or tendency to deceive." *Id.* (quotation omitted).

To state a claim under the UDTPA, a plaintiff must allege "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Id.* (quotation omitted). "[W]hether an act or practice is an unfair or deceptive practice . . . is a question of law for the court." *Gray* v. *N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000).

Without more, an allegation that a defendant has breached a contract does not give rise to liability under the UDTPA. *See Ellis* v. *Louisiana-Pac. Corp.*, 699 F.3d 778, 787 (4th Cir. 2012) (citation omitted). A UDTPA claim premised on breach of contract must credibly contend that "substantial aggravating circumstances" merit the award of damages to survive a motion to dismiss. *Id.* (quotation omitted). Substantial aggravating circumstances generally involve "forged documents, lies, and fraudulent inducements." *Stack* v. *Abbott Lab'ys, Inc.*, 979 F. Supp. 2d 658, 668 (M.D.N.C. 2013) (collecting cases). Without aggravating circumstances, even an intentional breach of contract falls outside the ambit of the UDTPA. *See, e.g.*, *Bob Timberlake Collection, Inc.* v. *Edwards*, 176 N.C. App. 33, 42, 626 S.E.2d 315, 323 (2006) (citation omitted).

The "aggravating circumstances" factor is particularly salient in cases where a party's exercise of a contractual right (or alleged failure to properly exercise a contractual right) is at the heart of the dispute. In such instances, courts disfavor contorting claims about the contractual

5

Case 5:25-cv-00254-RN     Document 18     Filed 08/04/25     Page 5 of 9

permissibility of an act into the unfair and deceptive practices sphere. *See PCS Phosphate Co.* v. *Norfolk S. Corp.*, 559 F.3d 212, 224 (4th Cir. 2009) (holding that disputes over obligations under the contract between the parties are not "substantial aggravating circumstances" for the purposes of a UDTPA claim); *Cross* v. *Ciox Health, LLC*, 438 F. Supp. 3d 572, 583–84 (E.D.N.C. 2020) (dismissing UDTPA claim and noting, "given the contractual center of this dispute, plaintiffs' UDTPA claims are out of place") (internal citations omitted); *Swift Beef Co.* v. *Alex Lee, Inc.*, No. 5:17-CV-176, 2018 WL 792071, at *3 (W.D.N.C. Feb. 8, 2018) ("As contract disputes, [plaintiff's claims] do not qualify as UDTPA claims.").

In conclusory terms with little detail, the Complaint contends that State Farm wrongfully refused Nuzzo's valid claim. As State Farm points out, the Complaint recites the language of § 58–63–15(11), without supporting facts, to allege State Farm violated that statute. For example, it maintains, in conclusory terms, that State Farm misrepresented provisions in the insurance policy, without additional facts expounding on this contention. It offers no facts beyond those supporting a breach of contract claim. The Complaint alleges no aggravating circumstances necessary to state a UDTPA claim. And State Farm's inspection of Nuzzo's property and assessment of her claim do not rise to the level of egregiousness needed to establish a UDTPA claim. So the court dismisses Count Three.

  **C.**  **Breach of Implied Covenant of Good Faith and Fair Dealing**

Finally, State Farm asks the court to dismiss Nuzzo's fourth claim for breach of implied covenant of good faith and fair dealing. Because it never recognized the disputed portions of Nuzzo's claim as valid, State Farm maintains that this cause of action fails.

"In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement."

*Bicycle Transit Auth., Inc.* v. *Bell*, 314 N.C. 219, 228, 333 S.E.2d 299 (1985). A basic principle of contract law requires "a party who enters into an enforceable contract . . . to act in good faith and to make reasonable efforts to perform his obligations under the agreement." *Weyerhaeuser Co.* v. *Godwin Bldg. Supply Co.*, 40 N.C. App. 743, 746, 253 S.E.2d 625 (1979); *McKinney* v. *Nationstar Mortg., LLC*, No. 5:15-CV-637, 2016 WL 3659898, at *8 (E.D.N.C. July 1, 2016) (noting that where parties have executed a written contract, an action for "breach of the covenant of good faith and fair dealing is part and parcel of a claim for breach of contract.") (alteration and quotation omitted).

There are three elements for a breach of the covenant of good faith and fair dealing for insurance-related claims. *LRP Hotels of Carolina* v. *Westfield Ins. Co.*, No. 4:13-CV-94, 2014 WL 5581049, at *4 (E.D.N.C. Oct. 31, 2014); *Gandecha* v. *Metro. Prop. & Cas. Ins. Co.*, No. 5:13-CV-688, 2014 WL 4243797, at *5 (E.D.N.C. Aug. 26, 2014). The first element is a refusal to pay after recognition of a valid claim. *LRP Hotels*, 2014 WL 551049, at *4. Second, there must be bad faith. *Id.* And the third element requires aggravating or outrageous conduct. *Id.*

On the second element, a "legitimate and honest disagreement over the scope of coverage under an insurance contract is not bad faith." *Bailey* v. *Certain Interested Underwriters at Lloyd's London*, 701 F. Supp. 3d 296, 305–06 (E.D.N.C. 2023), *aff'd,* No. 23–1642, 2024 WL 2795187 (4th Cir. May 31, 2024); *see also Lovell* v. *Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 421, 424 S.E.2d 181, 185 (1993) (noting that bad faith does not include an "honest disagreement or innocent mistake."). So a plaintiff cannot show bad faith or tortious conduct where the insurer "denies a claim because of a legitimate, honest disagreement as to the validity of the claim[.]" *Topsail Reef Homeowners Ass'n* v. *Zurich Specialties London, Ltd.*, 11 F. App'x 225, 239 (4th Cir. 2001) (per

7

Case 5:25-cv-00254-RN     Document 18     Filed 08/04/25     Page 7 of 9

curiam). In such circumstances, the insurer is entitled to judgment as a matter of law. *Id*; *see Lallier*, 334 F. Supp. 3d at 736.

Under the third factor, aggravated conduct may include "fraud, malice, gross negligence, [and] insult" as well as actions denying coverage "willfully, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights." *Id.* (quotation omitted); *see Lovell*, 108 N.C. App. at 422, 424 S.E.2d at 185.

Nuzzo bases this cause of action on State Farm's alleged wrongful denial of claims for loss that she argues are valid. No other factual contentions bolster her claim for breaching an implied duty of good faith and fair dealing.

But her claim fails for three reasons. First, there is no assertion that State Farm recognized the claim for the entirety of damages Nuzzo sought as valid but refused to pay it. *See Barnett* v. *State Auto Prop. & Cas. Ins. Co.*, No. 2:14-CV-34, 2015 WL 276512, at *3 (W.D.N.C. Jan. 22, 2015) (dismissing claim where complaint did not allege that insurer recognized the *entirety* of plaintiff's claim as valid and observing that insurer's payment of portion of claim, while disputing the remainder, did not establish bad faith) (citations omitted).

Second, because the Complaint asserts only a reasonable disagreement about the property damage and policy coverage, Nuzzo cannot establish bad faith. And third, the Complaint alleges no aggravating circumstances.

Nuzzo has thus failed to state a claim for a breach of implied covenant of good faith and fair dealing.[3] So the court grant State Farm's motion on this issue and dismisses Count Four of the Complaint.

---

[3] And where both breach of implied covenant of good faith and fair dealing and breach of contract claims rely on the same underlying facts, North Carolina courts generally fold the former cause of action into the latter. *Lohrenz* v. *Bragg Cmtys., LLC*, No. 5:22-CV-00044-M, 2023 WL 3012006, at *13 (E.D.N.C. Mar. 31, 2023) (citing *Cordaro* v.

### III. Conclusion

For all these reasons, the court grants State Farm's motion (D.E. 10) and dismisses Counts Two, Three, and Four of the Complaint.

Dated: August 4, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge

---

*Harrington Bank, FSB*, 260 N.C. App. 26, 38–39, 817 S.E.2d 247, 256 (2018)), *adopted by,* 2023 WL 3011982 (E.D.N.C. Apr. 19, 2023).