IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00254-RN

| | |
|---|---|
| **Lucia Nuzzo**, <br><br> Plaintiff, <br><br> v. <br><br> **State Farm Fire & Casualty Company**, <br><br> Defendant. | **Order** |

As Plaintiff Lucia Nuzzo was cleaning her bathroom in March 2024, the floor gave way and one of her legs crashed into the crawlspace below. Nuzzo then submitted an insurance claim to Defendant State Farm Fire & Casualty Company. State Farm provided coverage for the damage that occurred when she fell through the floor, but denied coverage for other damage caused by the leak that led to the floor's collapse. In doing so, State Farm relied on an exclusion in Nuzzo's policy for losses caused by continuous long-term leaks.

Nuzzo disagreed and sued State Farm. After discovery, State Farm moved for summary judgment, arguing that the unrebutted evidence shows that it appropriately denied coverage for the damage to Nuzzo's home. Nuzzo did not oppose State Farm's motion.

After reviewing the record, the court will grant State Farm's motion for summary judgment.[1] The undisputed evidence shows that damage to Nuzzo's home was the result of the seepage or leakage of water that occurred for an extended period. Nuzzo's policy excludes coverage for that type of damage, so State Farm properly denied the disputed portion of Nuzzo's claim.

---

[1] The parties have consented to a United States Magistrate Judge conducting all proceedings in this matter under 28 U.S.C. § 636(c)(1). *See* Consent, D.E. 16; Reference Order, D.E. 17.

## I.     Background

On a morning in early March 2024, Nuzzo was dealing with a serious, and seriously unpleasant, problem. The toilet in her guest bathroom had clogged and overflowed. Nuzzo Dep. at 17:6–20, D.E. 22–2. As Nuzzo was cleaning up that mess, a more unexpected problem emerged: the floor beneath one of her feet gave way. *Id.* at 18:1–4. Her foot plunged through the tile and subfloor into the crawlspace beneath her home. *Id.*

After this unfortunate series of events, Nuzzo reached out to her brother, Josh Nuzzo, who worked for a remediation company and was familiar with such emergencies. *Id.* at 25:15–26:2. Josh told her to contact her insurance company. *Id.*

Heeding her brother's advice, Nuzzo reached out to State Farm. That company issued a homeowner's insurance policy to Nuzzo that was in effect at the time she fell through the floor. D.E. 22–1. The policy, however, does not provide coverage for losses caused by "[c]onstant or repeated . . . seepage or leakage of water . . . over a period of weeks, months, or years[.]" D.E 22–1 at 35–36; 22–8 at 49.

After State Farm inspected the damage, it told Nuzzo that she had a leak in her home and asked her to find out the cause. Nuzzo Dep. at 31:23–32:8. Before that conversation, she was unaware of the leak, and she did not know how long it had been there. *Id.* at 31:23–32:8; 86:3–12.

Nuzzo contacted Roto-Rooter, who sent Marcus Novy to inspect her home. *Id.* at 32:25–33:22. Novy concluded that there was a leak behind her master bathroom's shower which adjoined the guest bathroom. *Id.* at 34:12–14. Novy, however, did not determine what caused the leak or how long it was present. Novy Dep. at 39:12–20; 76:10–13.

Nuzzo then hired ABC Plumbing to repair the leak. Nuzzo Dep. at 35:4–6. The plumber that company sent to her home also concluded that there was a leak (or perhaps multiple leaks) in the wall behind Nuzzo's master shower. *Id.* at 37:10–15; 41:11–13; ABC Plumbing Dep. Tr.

2

42:13–18. But ABC Plumbing did not determine how long the leak or leaks had been present. *Id.* at 40:7–9.

In June 2024, State Farm sent Nuzzo a letter discussing its findings. While it paid her for damage caused when she fell through the bathroom floor, it denied coverage for other leak-related damage to her home. Ans. Ex. 1 at 1, D.E. 6–1. According to State Farm, her policy did not cover damage caused by repeated or continuous seepage or leakage of water "over a period of weeks, months, or years[.]" *Id.* at 6.

Nuzzo sued State Farm in North Carolina Superior Court. Compl., D.E. 1–1. State Farm removed the case to this court. Notice of Removal, D.E. 1. Although her complaint contains several claims, after the court granted State Farm's motion for judgment on the pleadings, the only remaining claim is her breach of contract claim. Order, D.E. 18. State Farm has now moved for summary judgment on that claim. D.E. 20. Nuzzo has not responded to State Farm's motion.

## II.     Discussion

Nuzzo contends that the insurance policy required State Farm to indemnify her for all the damage that the leak caused to her home, not just the damage that occurred when she fell through the guest bathroom floor. State Farm disagrees, arguing that the policy does not provide coverage for damage caused by a long-term leak. Since the uncontested evidence shows that the damage at issue in this suit falls within an exclusion to the coverage provided by the policy, State Farm is entitled to summary judgment in its favor.

### A.     Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other discovery materials before the court show that "there is no genuine dispute as to any material fact," thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Tolan* v.

*Cotton*, 572 U.S. 650, 656–57 (2014). In making this determination, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *News & Observer Publ'g Co.* v. *Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (quoting *Hunt* v. *Cromartie*, 526 U.S. 541, 552 (1999)).

The movant initially carries the burden of showing that no genuine issue of material fact exists. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 324 (1986). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation. *See Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant discharges this burden by identifying "an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

The non-movant must then identify specific facts showing there is a genuine issue for trial. *Id.* at 323. To meet this burden, the non-movant must present "more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects* v. *Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (quoting *Dash* v. *Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)) (internal quotation marks omitted). The court must assess, "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Gordon* v. *Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (quoting *Anderson*, 477 U.S. at 251–52). If the non-movant fails to meet that burden, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

When, as here, a summary judgment motion is unopposed, the court is still obligated to "thoroughly" examine the motion to determine whether the movant is entitled to judgment as a

4

matter of law. *Maryland* v. *Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013); *Robinson* v. *Mountaire Farms of N.C. Corp.*, 815 F. Supp. 3d 417, 432 (E.D.N.C. 2024). Thus "the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts." *Robinson* v. *Wix Filtration Corp., LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (citing *Custer* v. *Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

### B. Breach of Contract Claim

Nuzzo's remaining claim is for breach of contract. In North Carolina, a breach of contract claim requires a plaintiff to show (1) the existence of a valid contract and (2) a breach of the terms of the contract. *Poor* v. *Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Interpreting a written contract is a question of law for the court. *Draughon* v. *Smith*, No. 7:21-CV-00101-D, 2021 WL 4927981, at *3 (E.D.N.C. Oct. 21, 2021) (citations omitted). When there is a valid contract, courts look to the contract's terms to determine whether a breach has occurred. *Nuruddin* v. *CarMax, Inc.*, No. 5:24-CV-83-BO, 2024 WL 4614561, at *2 (E.D.N.C. Oct. 29, 2024).

This standard is modified in the context of insurance. In that case, the plaintiff must initially show that the damage falls under the policy. *Rogers* v. *Unitrim Auto & Home Ins. Co.*, 388 F. Supp. 2d 638, 642 (W.D.N.C. 2005). Once she does so, the insurer must show that an exclusion applies. *Id.* But if the insured does not prove that the loss was covered under the policy, then she has not carried her burden, and the court does not proceed to the second step. *Id.*

In this case, Nuzzo's policy went into effect on January 3, 2024, approximately three months before her floor collapsed. Insurance Policy at 4, D.E. 22–1 at 4. As a general matter, the policy "insure[s] against direct physical loss to" Nuzzo's home. *Id.* § I(A)(2), D.E. 22–1 at 35. And the policy includes an endorsement that excludes coverage for damage caused by "[c]onstant

or repeated . . . seepage or leakage of water . . . over a period of weeks, months, or years." *Id.* § I(A)(C)(5), D.E. 22–1 at 8. That exclusion is at the core of the dispute between the parties.

To support its denial of coverage, State Farm retained BEST Forensic Engineering, LLC to opine on the cause of the water damage. BEST Report, D.E. 22–7. BEST concluded that the damage was "consistent with a seepage of water during multiple doses over a long period of time (likely years) . . . . No damage attributable to a short-term discharge of water was observed." *Id.* at 15.[2]

Nuzzo has not presented any expert testimony to rebut BEST's conclusion, and she admitted that she has no knowledge about when the leak began. Nuzzo Dep. Tr. at 86:3–12. Nor does the evidence from the companies she hired to inspect the damage provide any insight into the leak's duration. Hall Dep. Tr. at 40:7–9; Josh Nuzzo Dep. Tr. at 37:25–38:3; Novy Dep. Tr. at 39:12–20.

The uncontroverted evidence establishes that the disputed damage to Nuzzo's property was caused by the repeated seepage of water occurring over a substantial period of time, most likely multiple years. As a result, the policy's exclusion for damage caused by seepage or leakage occurring over a period of weeks, months, or years precludes coverage for the disputed damage. Thus, no reasonable jury could find in Nuzzo's favor on her breach of contract claim. So State Farm is entitled to judgment as a matter of law on that claim.

---

[2] Although not challenged by Nuzzo, the court has reviewed the expert witness's expert witness's qualifications, opinions, and methodology to ensure that they meet the requirements of Federal Rule of Evidence 702. After doing so, the court is satisfied that State Farm has shown by a preponderance of the evidence that its expert is qualified by knowledge, skill, expertise, training, or education to offer opinion testimony. It has similarly shown that the experts' opinions will help the trier of fact to understand the evidence or to determine a fact in issue, are based on sufficient facts or data, are the product of reliable principles and methods, and reflect a reliable application of the principles and methods to the facts of the case.

6

**III.** **Conclusion**

For all these reasons, the court grants State Farm's motion for summary judgment. D.E. 20. The Clerk of Court is directed to enter judgment in its favor and close this case.

Dated: July 21, 2026

Robert T. Numbers, II
United States Magistrate Judge